```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.                         CRIMINAL ACTION NO. 2:02-00108**

**TERRY ALLEN SMITH**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On February 1, 2008, the United States of America appeared by Gerald M. Titus, III, Assistant United States Attorney, and the defendant, Terry Allen Smith, appeared in person and by his counsel, Michael D. Payne, for a hearing on the petition on supervised release and addendum thereto submitted by Senior United States Probation Officer Keith E. Zutaut, the defendant having commenced a thirty-month term of supervised release in this action on March 23, 2007, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on December 1, 2006.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant committed the state and local offense of shoplifting to which he pled guilty on June 27, 2007, and assessed a fine; (2) that the defendant used marijuana as evidenced by positive urine specimens submitted by him on April 16 and October 4, 2007, the defendant having also admitted to the probation officer that he had used marijuana on April 18, May 14 and June 19, 2007; (3) that the defendant failed to submit to urine screening as directed on October 26 and November 27, 2007; (4) that the defendant committed the state and local crime of forgery while employed at Labor Ready by turning in a forged work ticket for which he was paid $96 for work he did not do as evidenced by his stipulation on the record of the hearing that the government possesses sufficient evidence to prove the offense by a preponderance of the evidence; and (5) that the defendant committed the state and local offenses of domestic battery and destruction of property inasmuch as on December 1, 2007, police officers were dispatched to a disturbance where there was discovered a battery on a female victim whom the

defendant had smacked and as he was leaving knocked two holes in the wall of the victim's apartment as evidenced by his stipulation on the record of the hearing that the government possesses sufficient evidence to prove the offense by a preponderance of the evidence; all as admitted by the defendant on the record of the hearing with the exception of the stipulations as set forth above and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the

3

defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **EIGHTEEN (18) MONTHS**. The court hereby reimposes payment of the $100 special assessment and the $250 fine.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>: The court recommends that the defendant be designated to an institution where a Comprehensive/Residential Drug Treatment Program can be made available to him and make payments towards the special assessment and fine to the maximum extent feasible through prison earnings.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

    DATED: February 6, 2008

    John T. Copenhaver, Jr.
    United States District Judge

4